# IN THE SUPREME COURT OF IOWA

No. 06–0048

Filed May 29, 2009

**STATE OF IOWA,**

    Appellee,

vs.

**PAUL RAY ANDERSON, JR.,**

    Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Wayne County, David L. Christensen, Judge.

Acquitted indigent defendant appeals from orders requiring him to reimburse the State for the costs of his court-appointed attorney. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, and Alan M. Wilson, County Attorney, for appellee.

**PER CURIAM.**

The appellant, Paul Anderson, appeals from postacquittal orders requiring him to reimburse the State for the cost of legal assistance provided at public expense. The court of appeals held these orders and the statute pursuant to which they were entered, Iowa Code section 815.9 (2005), did not violate the defendant's Sixth Amendment right to counsel, the equal protection and due process guarantees of the United States Constitution, or the debtor's clause of the Iowa Constitution. The court of appeals also rejected Anderson's claim he was denied the effective assistance of counsel because his attorney failed to object to certain aspects of the court-ordered payment plan, concluding Anderson was not entitled to counsel for postacquittal proceedings. We granted Anderson's application for further review.

The State filed a criminal charge against Anderson in 2004. His financial affidavit revealed his only income was a disability benefit of $735 per month. The court determined Anderson was indigent and appointed counsel to represent him. Anderson was eventually acquitted of the criminal charge. Pursuant to section 815.9, the court then ordered Anderson to reimburse the State for the total costs of his legal assistance, and if payment was not made within a specified time, a judgment would be entered against him. Anderson's counsel filed a motion challenging the constitutionality of this statute and in the alternative requesting a payment plan. At the hearing on this motion, Anderson showed that he was totally and permanently disabled and his monthly expenses exceeded his disability benefits. The court overruled Anderson's constitutional objections, entered judgment against him for

the costs of his legal assistance, and ordered him to pay $35 per month toward payment of the judgment.

On appeal, Anderson raises the identical issues raised by the defendant in *State v. Dudley*, ___ N.W.2d ___ (Iowa 2009), a decision we also file today. Upon our consideration of these issues and for the reasons set forth in our opinion in *Dudley*, we hold the court's failure to consider Anderson's ability to reimburse the State for the costs of his defense infringed on his Sixth Amendment right to counsel. In addition, we conclude Anderson's right to equal protection was violated in two ways: (1) the court-ordered repayment plan deprived Anderson of the protections of the statutes governing execution on civil judgments that are available to other civil judgment debtors; and (2) chapter 815 limits the restitution obligation of a convicted defendant represented by a public defender, whereas all other indigent defendants, including acquitted defendants such as Anderson, must pay the full cost of their attorneys. We also conclude the district court erroneously included the statutory court reporter fee in the sum Anderson was required to repay. Finally, we find no due-process violation under the facts of this case. Based on our determination that Anderson's constitutional rights were violated, we vacate the court of appeals decision, reverse the district court judgment, and remand the case for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; AND CASE REMANDED.**

All justices concur except Baker, J., who takes no part.

This is not a published opinion.